**SPEER et al.**

**v.**

**DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 91–01048.

Decided Nov. 28, 1994.

*James F. Mong,* for plaintiffs.

*Lee Fisher,* Attorney General, and *Sally Ann Walters,* Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

This action was remanded to this court from the Tenth District Court of Appeals on the sole issue of whether the surveillance of plaintiff, Theresa Speer, from the rest-room ceiling was an invasion of her privacy. *Speer v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 276, 624 N.E.2d 251. While the appeals court did state that reasonable surveillance of employees in an institutional setting was an acceptable investigative tool, it found that the administrative acts of an employee positioning himself in a rest-room ceiling for over seven hours is not defensible as a matter of policy.

The intrusion into a person's seclusion is recognized as one of four separate branches of tortious invasion of privacy. *Sustin v. Fee* (1982), 69 Ohio St.2d 143, 23 O.O.3d 182, 431 N.E.2d 992. Section 652A of 3 Restatement of the Law 2d, Torts (1977) provides that the right of privacy is invaded by the "unreasonable intrusion upon the seclusion of another." Section 652B of the Restatement establishes the scope of a person's liability for intrusion into another's seclusion as follows: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

In *Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340, a cause of action for invasion of privacy was recognized in paragraph two of the syllabus: "An actionable invasion of the right of privacy is * * * the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

■ Consistent with the August 12, 1993 decision of the Tenth District Court of Appeals and the above-cited references and cases, this court finds that Theresa Speer's privacy was violated by the acts of Leroy Payton, as an employee of the Ohio Department of Rehabilitation and Correction, in spying upon her from the ceiling of the staff rest-room on February 12, 1989.

■ While this invasion of Theresa Speer's privacy was a proximate cause of her injury, it is not found to be the only proximate cause. Testimony from Theresa's treating physician, Dr. Mark Garwood, and her licensed social worker, Dee Anna Garwood, revealed that the February 12, 1989 incident was only one of the many "stresses" in Theresa's life.

After the February 12, 1989 incident, Theresa continued employment until January 28, 1991, when she went on medical leave and then voluntarily resigned her position at the Madison Correction Institution on March 14, 1991. During December 1990, Theresa became the patient of Dr. and Mrs. Garwood, who were the assigned providers for their medical plan. Testimony and the medical records proved that in addition to the surveillance incident, Theresa had a number of problems in her life that had been present for a period of years. These included prior personal problems, family problems, including the health of her husband as a result of surgery, the behavior of her teenage children, and her financial condition due to her husband's loss of employment.

Therefore, this court finds that plaintiff, Theresa Speer, shall be granted judgment in the amount of $7,500 for the invasion of her privacy arising from the February 12, 1989 incident. Plaintiff, Rand Speer, shall receive no compensation as a result of the February 12, 1989 incident.

Upon consideration of all the evidence and for the reasons set forth in the decision rendered concurrently herewith, it is ORDERED that judgment is rendered in favor of plaintiff, Theresa Speer, in the amount of $7,500. Court costs are assessed against defendant. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*So ordered.*